CASE No. 950.

VAUGHAN v. FOWLER.

Putting a seal on a note after its execution, without the maker's knowledge or consent, is a material alteration and vitiates the contract.

Before WALLACE, J., Greenville, July, 1880.

Action by W. P. Vaughan, payee, against Elizabeth Fowler. The case is fully stated in the opinion of this court.

*Messrs. Garlington & Moore,* for appellant.

Whether the seal was put to the note before or after its execution, the alteration of the note thereby made was not of a character to invalidate the note. To render it void there must be a material alteration. 2 *Pars. on Cont.* (3*d ed.*) 226–7. An immaterial alteration will not avoid. 2 *Chit. on Cont.* 1168, *note f.* The seal here may be treated as surplusage, as it adds no strength to the contract, and impairs no right of defence.

*Mr. W. L. Wait,* contra.

December 8th, 1880. The opinion of the court was delivered by

McGOWAN, A. J. This was an action on a note for $100, dated July 19th, 1872, signed by Fowler & Walker, and Elizabeth Fowler, the defendant, with a seal after her name. Fowler & Walker were a firm, and as such executed the note at the time of its date, when Fowler was alive. He afterwards died, and the defendant, as his widow, signed the note. It does not appear in the case at what time she signed it. It is stated in the argument of counsel that it was "in the spring of 1876," but that fact not appearing in the case, it cannot be considered. The evidence was conflicting as to the circumstances under which she signed, and as to the seal being on the note at the time she signed it. The defence was the statute of limitations, want of consideration and the alteration of the paper by adding the seal after its execution by some other than the defendant, and without her knowledge or consent. The jury found for the defendant. The plaintiff moved for a new trial, and that being refused, appeals to this court upon the following grounds:

"1. Because his Honor erred in charging the jury that the plaintiff was not entitled to recover on the instrument in writing sued on, if it was shown by the proof that the seal which ap–

peared to said instrument was not affixed at the time the defendant signed the same."

" 2. His Honor should have charged the jury that the alteration of the instrument by affixing the seal thereto could not invalidate said instrument, unless said seal was essential in law to such recovery."

" 3. Because the alteration of the instrument sued on by affixing the seal thereto, although it may have been done after its execution, was not a material alteration in law, and worked no detriment or injury to the defendant, because the plaintiff was entitled to recover on said instrument against the defendant without its being sealed."

These exceptions relate entirely to the charge of the Circuit judge upon the subject of the addition of the seal, which was in these words : " That the seal, if put on the note after the execution and without the knowledge or consent of the defendant, was such a material alteration as would vitiate the contract, and the plaintiff could not recover."

It is insisted that this was error. That the alteration of the instrument by affixing the seal thereto was not a material alteration in law to invalidate it, unless the seal was essential to the recovery, and that it was not so essential for the reason that the note was recoverable without the seal.

It is well settled that " any alteration of a written security in a material part renders it altogether void." *Stagg* v. *Pepson*, 1 *N. & McC.* 102 ; *Mills* v. *Starr*, 2 *Bail.* 359 ; *Smith* v. *Cheney*, 1 *Hill* 148. Was the addition of the seal a material alteration ? We have not been cited to any case in our own reports deciding the precise point, but upon principle it seems to us that there can be no doubt that it is a material alteration. " A change in the character or effect of the instrument, whether in respect to its obligation or to its weight in evidence, is a material alteration. Thus, the addition of a seal to the signature of the maker of a note converts it into a bond against which no plea of want of consideration can be made, and this invests his contract with attributes which he declined to impart to it. Consequently, the note is avoided." 2 *Danl. on Neg. Instruments* (2d ed.,) § 1391 ; *United States* v. *Linn*, 1 *How.* 104.

It does not appear who made the alteration, but when on the production of an instrument it appears to have been altered, it is incumbent on the party offering it in evidence to explain this appearance. 1 *Greenl. on Ev.*, § 569.

We see no error in the charge of the judge. The judgment is affirmed and the appeal dismissed.

.SIMPSON, C. J., and McIVER, A. J., concurred..